IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LARRY BEAM                                                                              PLAINTIFF

v.                                         Case No. 2:16-CV-02271

BARCLAYS BANK                                                                       DEFENDANT

## OPINION AND ORDER

Currently before the Court is a motion to dismiss or for more definite statement (Doc. 7) and brief in support (Doc. 8) filed by Defendant Barclays Bank ("Barclays"). Larry Beam did not file a response and the time to do so has passed. Because Beam's complaint fails to comply with the Federal Rules of Civil Procedure, and because Beam has failed to amend his complaint or respond to Barclay's motion, the Court will grant Barclays's motion to dismiss the complaint.

In ruling on a motion to dismiss, the Court accepts as true all of the factual allegations contained in a complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Complaints should be liberally construed in the plaintiff's favor and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not

do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Though pro se complaints are to be construed liberally, they must still allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted). When asserting a claim "even pro se litigants must set it forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981).

Beam's complaint contains no factual allegations of any kind against Barclays. At best, the complaint could be described as "labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555. The complaint merely identifies the types of claims on a "Small Claims Complaint" fill-in-the-blank form that might later be developed into a lawsuit. Although this complaint was originally filed in Crawford County District Court, because it was removed to this federal court the Federal Rules of Civil Procedure apply, and Beam has not complied with those rules.

IT IS THEREFORE ORDERED that Defendants' motion (Doc. 7) to dismiss is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 4th day of January, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE